Tammy Hussin, Esq. (SBN 155290)
HUSSIN LAW FIRM
1596 N. Coast Hwy 101
Encinitas, CA 92024
Tel. 877.677.5397
Fax 877.667.1547
Tammy@HussinLaw.com

James A. Francis
Lauren KW Brennan
FRANCIS MAILMAN SOUMILAS, PC
1600 Market St., Suite 2510
Philadelphia, PA 19103
Tel. 215.735.8600
Fax 215.940.8000
jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com
*Pro Hac Vice* applications forthcoming

Attorneys for Plaintiff,
WILLIAM NORMAN BROOKS, III

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM NORMAN BROOKS, III, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>   Plaintiff,<br><br> vs.<br><br>BANK OF AMERICA, NA,<br><br>   Defendant. | Case No.: **'20CV1348 BAS LL**<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, William Norman Brooks, III, by undersigned counsel, alleges as follows:

CLASS ACTION COMPLAINT - 1

## INTRODUCTION

1. This is an action for damages and injunctive relief brought against Defendant Bank of America, NA, pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL"), the California Consumer Credit Reporting Agencies Act, Cal. Civ. §1785 *et seq.* ("CCRAA"), and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2. The responsibilities of creditors to accurately use and report consumer information are essential in ensuring fairness and accuracy in credit transactions, goals which are at the heart of the CCRAA, FCRA, and the promise of fair business transactions enshrined in California's UCL. Defendant fails to comply with these responsibilities by systematically failing to obtain and use adequate identifying information to distinguish between an individual who has filed for bankruptcy and a distinct individual who has not, and inaccurately reporting the existence of a bankruptcy filing to consumer credit reporting agencies.

3. Defendant compounds this error by routinely failing to correct this inaccurate reporting when notified by consumer credit reporting agencies that the consumer makes a dispute.

4. Defendant's practices harm consumers by prejudicing their prospective Creditors which inaccurate, adverse information stating that the individual has filed for bankruptcy when they in fact have not.

## JURISDICTION

5. This action arises out of violations of the UCL, CCRAA, and FCRA.

6. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

# THE PARTIES

8. Plaintiff, William Norman Brooks, III, is an adult individual residing in San Diego County, California.

9. Defendant, Bank of America ("BofA" or "Defendant"), is a national bank with over 4,500 retail branches. Bank of America has its headquarters and principal place of business in Charlotte, North Carolina. Bank of America operates banking centers and conducts business within this judicial district and throughout the State of California.

10. BofA is a furnisher of information as contemplated by CCRAA §1785.25 and FCRA §§1681s-2(a) & (b), which regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies ("CRAs"), about consumer transactions or experiences with any consumer.

11. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code §1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

# FACTUAL ALLEGATIONS

*Defendant's Use and Furnishing of Bankruptcy Information*

12. Defendant regularly and in the course of its business obtains information regarding individuals who have filed for bankruptcy, in order to determine whether

any individuals with credit accounts or lines of credit with BofA have filed for bankruptcy and included some credit accounts or lines of credit in the bankruptcy.

13. When BofA determines, according to its standardized internal procedures, that an individual account holder has included an account in bankruptcy, it closes such account.

14. Furthermore, BofA reports to each consumer credit reporting agencies with which it does business that the account has been included in a bankruptcy.

15. However, BofA routinely and as a matter of standardized practice fails to obtain sufficient identifying information to adequately distinguish between an individual who has filed for bankruptcy and an individual who has not.

16. Specifically, BofA disregards conflicting middle name and generational suffix information which is available on the face of public records.

17. As a result of this failure to obtain and use sufficient personal identifying information related to bankruptcies, BofA will falsely report to consumer credit reporting agencies (and thus, to an individual's other creditors) that a credit account has been included in bankruptcy.

### *The Experience of Plaintiff William Norman Brooks, III*

18. Plaintiff had several accounts with BofA, including a personal line of credit. At all times mentioned herein, all of Plaintiff's accounts with BofA and other creditors were timely paid and remained in good standing.

19. On January 8, 2020, BofA sent a form letter to Plaintiff advising him, among other things, that it had "received notification of a bankruptcy filing by or against [him]" and that it was suspending [his] access to [his] funds from [his] line of credit" as of 01/06/2020" (the January 8 Letter").

20. BofA further communicated that it "was required to discontinue access to his account based on the terms of his line of credit." However, BofA erroneously attributed the bankruptcy to Plaintiff according to its standardized

policies and procedures for obtaining and using bankruptcy information, and deprived him of his credit line funds and credit privileges without any basis in contract or law.

21.  Plaintiff has never filed for bankruptcy.

22.  On or around January 13, 2020, Plaintiff contacted BofA to dispute that he had filed for bankruptcy. Through the call to BofA, Plaintiff learned that BofA had matched him to a bankruptcy filed in Mobile, Alabama by a William E. Brooks, with a social security number matching the last four digits of Plaintiff's social security number.

23.  Plaintiff has never lived in Alabama. Furthermore, his middle name is "Norman," and he consistently uses the generational suffix "III."

24.  The public record of the Alabama bankruptcy that BofA attributed to Plaintiff plainly shows that the filer used the full middle name "Eugene."

25.  Based on the differences between his personal identifying information and that of the individual who filed the bankruptcy, Plaintiff disputed the accuracy of BofA's association of the Alabama bankruptcy with him and his credit accounts.

26.  BofA nevertheless reported to the consumer credit reporting agencies that Plaintiff had filed for bankruptcy.

27.  As a result of BofA's inaccurate reporting of the bankruptcy, BofA defamed Plaintiff and his credit score dropped substantially. Plaintiff took great pride in having earned a high credit score, and the decrease in his credit score caused him great distress.

28.  On or around January 16, 2020, Plaintiff sent a certified letter to each of the consumer credit reporting agencies and directly to BofA, explaining that he had not filed for bankruptcy, and including supporting documentation. Plaintiff requested in the letters that the inaccurate information on his credit report be removed.

29. In response to Plaintiff's dispute letter, each of the consumer credit reporting agencies in turn communicated the dispute to BoA in accordance with section 1681i of the FCRA. Notwithstanding the disputes, BofA failed to investigate Plaintiff's disputes as required by both the FCRA and the CCCRA, failed to remove the bankruptcy from Plaintiff's credit reports, and continued reporting the defamatory information via the Metro 2 reporting format.

30. On January 27, 2020, BofA sent Plaintiff a letter responding to his dispute. BofA told Plaintiff in the letter that it had accurately reported the bankruptcy.

31. Plaintiff thereafter spoke to BofA representatives many times in an effort to clear up the inaccurate reporting.

32. Despite these efforts, and representations by BofA that it would correct its misreporting, BofA continued to inaccurately report to consumer credit reporting agencies that Plaintiff had filed for bankruptcy.

33. Based upon BofA's representations that the inaccurate reporting had been rectified, Plaintiff applied for a personal loan. However, on March 16, 2020, Plaintiff was denied financing solely because BofA continued to inaccurately report the bankruptcy.

34. BofA repeatedly and continuously acted, and continues to act, in reckless or conscious disregard of Plaintiff's rights. BofA's actions, and its inaction, continue to cause great distress to Plaintiff. As a direct result of BofA conduct, Plaintiff suffered anguish, embarrassment, anxiety, distress, feelings of hopelessness, and sleepless nights.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of the following Classes:

(a) For Defendant's violations of Cal. Bus. & Prof. Code § 17200 (the "UCL Class"):

> All persons residing in the State of California, during the period beginning four (4) years prior to the filing of this Complaint and continuing through the resolution of the case, to whom Defendant sent a letter substantially in the form of the January 8th Letter or for whom Defendant suspended and/or otherwise deprived funds or credit privileges due to misattribution of another individual's bankruptcy or material change in financial circumstances.

(b) For Defendant's violations of CAL. CIV. CODE § 1785.25(a) (the "CCRAA Class"):

> All persons residing in the State of California, during the period beginning five (5) years prior to the filing of this Complaint and continuing through the resolution of the case, about whom Defendant reported a bankruptcy notation to one or more consumer credit reporting agencies, though the person did not file for bankruptcy and/or for whom the personal identifying information available in the public record of the bankruptcy does not match the account holder's personal identifying information.

36. Plaintiff seeks certification of the UCL Class pursuant to Rule 23(b)(2) and (3), and certification of the CCRAA Class to Rule 23(b)(2) and (3).

37. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Plaintiff avers upon information and belief that the Classes number in the hundreds or thousands.

38. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether Defendant's practices with respect to obtaining and using bankruptcy information constituted unlawful, unfair, or

fraudulent business practices, and whether the Defendant willfully and/or negligently violated the CCRAA by furnishing credit information to consumer credit reporting agencies despite having reason to know it was inaccurate.

39. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

40. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel who are very experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

41. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

42. Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CCRAA Class.

43. Whether Defendant violated the UCL and/or CCRAA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual

claims. The identities of the Class members may be derived from Defendant's records and publicly available records.

# COUNT I
## Cal. Bus & Prof. Code § 17200
### (Plaintiff Brooks Individually and on behalf of the UCL Class)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant was required to adhere to the requirements of the California Unfair Competition Law (UCL).

47. Defendant's inaccurate reporting and inaccurate disclosures constituted unlawful, unfair and fraudulent business practices.

48. Defendant's practices were unfair because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to match them to records of bankruptcy based on insufficient criteria, and to disseminate inaccurate bankruptcy information to third parties.

49. Defendant's practices were fraudulent because the recipients of consumer credit reports prepared based upon Defendant's inaccurate bankruptcy information were deceived and/or were likely to be deceived by Defendant's inaccurate representations that Plaintiff and others similarly situated had filed for bankruptcy.

50. The harm caused by these business practices vastly outweighs any legitimate utility they possibly could have.

51. Because Plaintiff and the Class will seek credit in the future, there is a real and immediate threat that Plaintiff will suffer the same injury in the future.

52. Plaintiff and the UCL Class are entitled to injunctive relief, restitution of their account funds and credit privileges, and to the recovery of attorneys' fees and costs.

## COUNT II
## Cal. Civ. Code § 1785.25(a)
**(Plaintiff Brooks – Individually and on behalf of the CCRAA Class)**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant is a furnisher of consumer credit information as defined by the CCRAA, and Defendant was required to adhere to the requirements of the CCRAA.

55. The CCRAA prohibited Defendant from furnishing information about consumers to consumer credit reporting agencies which Defendant knew or had reason to know was inaccurate or incomplete. Cal. Civ. Code §1785.22(a).

56. Defendant violated this provision by furnishing information to consumer credit reporting agencies indicating that a credit account had been included in bankruptcy, despite having reason to know that the alleged bankruptcy was filed by a person other than the consumer account holder. Specifically, the publicly available personal identifying information on bankruptcy records gives Defendant reason to know that its attribution of bankruptcy records without reference to middles names and/or generational suffixes is inaccurate. Moreover, Defendant for years has received many consumer disputes regarding its inaccurate reporting of bankruptcy history information.

57. Because Plaintiff and the Class will seek credit in the future, and because Defendant's inaccurate reporting of bankruptcy information is communicated to other potential creditors on consumer credit reports, there is a

real and immediate threat that Plaintiff and the Class will suffer the same injury with respect to future credit applications.

58. Accordingly, Plaintiff is entitled to injunctive relief and to the recovery of attorneys' fees and costs.

## COUNT III
## 15 U.S.C. § 1681s-2(b)
### (Plaintiff Brooks – Individually)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendant is a person as defined by FCRA § 1681a(b), and is a "furnisher" of credit information as defined by the FCRA.

61. After receiving notice of the inaccurate reporting, Defendant failed and continues to fail to correct the error in violation of 15 U.S.C. § 1681s-2(b).

62. Plaintiff is therefore entitled to recover from BofA the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT IV
## Cal. Civ. Code § 1785.25(f)
### (Plaintiff Brooks – Individually)

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Defendant is a furnisher of consumer credit information as defined by the CCRAA, and Defendant was required to adhere to the requirements of the CCRAA.

65.     After receiving notice of the inaccurate reporting, Defendant failed to properly and adequately conduct an investigation and/or review all relevant information provided in the dispute, in violation of Cal. Civ. Code § 1785.25(f).

66.   Plaintiff is therefore entitled to recover from BofA the full amount of actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF:

**WHEREFORE**, the Plaintiff seeks relief as follows:

A.    An order certifying the Classes pursuant to Fed. R. Civ. P. 23;

B.    An award of damages for denial of a loan pursuant to 15 U.S.C. §1681n(a)(1)(A), §1681o(a)(1), Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2)(A);

C.    An award of actual damages for mental anguish, emotional distress, inconvenience, frustration, embarrassment, and despair, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1), and CAL. CIV. CODE §§ 1785.31(a)(1) and 1785.31(a)(2)(A);

D.    An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. §1681n(a)(1)(A), 15 U.S.C. §1681n(a)(2), and CAL. CIV. CODE §1785.25(a) and §1785.31(a)(2)(B);

E.    Restitution of all funds suspended and the value of credit privileges revoked or terminated;

F.    Injunctive relief ordering BofA to rectify the credit reporting errors and change its procedures for attributing bankruptcy information;

G.    An award for reasonable attorneys' fees and costs to maintain the instant action pursuant to 15 U.S.C. §§1681n and 1681o, and CAL. CIV. CODE §§1785.31; and

H.     Any other equitable relief deemed appropriate.

Dated this 14th day of July

                            */s/ Tammy Hussin*
                            Tammy Hussin, Esq.
                            HUSSIN LAW FIRM

                            */s/ James Francis*
                            James A. Francis, Esq.
                            FRANCIS MAILMAN
                            SOUMILAS

                            **Attorneys for Plaintiff**
                            **WILLIAM NORMAN BROOKS, III**