# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NORMAN BROOKS, III, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 20-cv-01348-BAS-LL<br><br>**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(ECF No. 16)** |

Defendant moves to dismiss two counts alleged in Plaintiff's First Amended Complaint ("FAC") for failing to state claims upon which relief can be granted. (Mot. to Dismiss FAC ("Motion" or "Mot."), ECF No. 16.) Plaintiff opposes, and Defendant replies. (ECF Nos. 17, 18.) The Court finds the Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1). For the reasons stated below, the Court **DENIES** Defendant's Motion.

## I.  BACKGROUND

### A.  Factual Background

This action arises from Defendant's decision to suspend Plaintiff's access to funds from his Bank of America line of credit due to its erroneous belief that Plaintiff had filed for bankruptcy. (ECF No. 15.) Specifically, Plaintiff claims that on January 8, 2020, Defendant sent a form letter to Plaintiff suspending his access because it had received

- 1 -

notification of a bankruptcy filing by or against Plaintiff.  (FAC ¶ 19.)  Five days later, during a phone call with Defendant, Plaintiff learned that Defendant "had matched him to a bankruptcy filed in Mobile, Alabama by a William E. Brooks," whose Social Security number contained the same last four digits as Plaintiff's.  (FAC ¶ 22.)

Plaintiff states he has never filed for bankruptcy and has never lived in Alabama. (FAC ¶¶ 21, 23.)  Further, he states that his middle name is "Norman," and "he consistently uses the generational suffix 'III[,]'" both of which are not present in the public record of the Alabama bankruptcy filing, which uses the filer's full middle name "Eugene."  (FAC ¶¶ 23–24.)  In addition, Plaintiff alleges that the public bankruptcy record at issue also does not list any Bank of America accounts.  (FAC ¶ 25.)

Plaintiff alleges that he "disputed the accuracy of [Defendant's] association of the Alabama bankruptcy with him and his credit accounts," but Defendant "nevertheless reported to the consumer credit reporting agencies that Plaintiff had filed for bankruptcy" and that the bankruptcy action included his Bank of America line of credit.  (FAC ¶¶ 26– 27.)  Plaintiff states he contacted the agencies to inform them that he had not filed for bankruptcy, and each agency contacted Defendant as required by law.  (FAC ¶ 30.) However, Plaintiff claims Defendant thereafter "failed to conduct a reasonable reinvestigation of the disputed bankruptcy information."  (FAC ¶ 31.)

Defendant also sent a letter to Plaintiff on January 27, 2020 stating that it had accurately reported the bankruptcy.  (FAC ¶ 35.)  Plaintiff states that he spoke to Defendant many times after receiving this letter to resolve the issue and Defendant represented it would correct the misreporting.  (FAC ¶¶ 36–37.)

As a result of Defendant's purported conduct, Plaintiff claims his credit score "dropped substantially," he was denied financing for a personal loan, and he suffered emotional distress.  (FAC ¶¶ 28, 38–39.)

**B.    The FAC and Defendant's Partial Motion to Dismiss**

In his FAC, Plaintiff brings allegations on behalf of himself under the Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act

20cv1348

("CCRAA"), and the California Unfair Competition Law ("UCL").  In Count I, Plaintiff alleges that Defendant's inaccurate reporting and disclosures constituted unlawful, unfair, and fraudulent business practices under the UCL.  (FAC ¶¶ 50–56.)  In Count II, Plaintiff claims that Defendant violated the CCRAA by furnishing the erroneous information that Plaintiff's line of credit was involved in a bankruptcy to credit reporting agencies, "despite having reason to know that the alleged bankruptcy was filed by a person other than the consumer account holder."  (FAC ¶ 60.)[1]  Plaintiff's third count, which Defendant does not seek to dismiss, requests remedies under the FCRA for Defendant's failure to correct the error.  (FAC ¶ 65.)

Defendant argues that Count I and Count II should be dismissed because Plaintiff has failed to allege facts sufficient to state a violation of either the CCRAA or the UCL.  As to the CCRAA claim, Defendant contends that the matching first and last names and last four digits of the Social Security number defeats Plaintiff's argument that Bank of America "knew or had reason to know" its attribution of the bankruptcy to Plaintiff and subsequent reporting was inaccurate.  (Mem. of P. & A. in supp. of Mot. ("Mem. of P. & A.") at 4–5, ECF No. 16-1.)  Relatedly, Defendant contends Plaintiff's unlawful practices claim under the UCL cannot be maintained without a predicate CCRAA claim, again arguing that Defendant "relied on ample criteria" to match the bankruptcy filer to Plaintiff and characterizing the resulting misidentification as "an extraordinary coincidence."  (*Id.* at 6.)  Defendant also states that because its bankruptcy monitoring procedures reasonably rely on common indicators and benchmarks, they outweigh any alleged harm to Plaintiff under the "unfair" prong of the UCL.  (*Id.* at 7.)  In opposition, Plaintiff maintains that Defendant's "failure to use all of the publicly available personal identifying information" available in the bankruptcy records was unreasonable under the CCRAA and suffices to state an unlawful and/or unfair practice under the UCL.  (*See* Opp'n to Def.'s Mot. to Dismiss ("Opp'n") at 1, 3, 9–10, ECF No. 17.)

[1] Plaintiff alleges the CCRAA violations and UCL violations on behalf of himself and two putative classes.  (FAC ¶ 40.)

- 3 -

20cv1348

1

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)).  A court need not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendant[] ha[s] violated the…laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III.    ANALYSIS

### A.    CCRAA Claim

The provision of the CCRAA at issue is Cal. Civ. Code § 1785.25(a), which prohibits the furnishing of information "on a specific transaction or experience to any

- 4 -

1  consumer credit reporting agency if the person knows or should know the information is
2  incomplete or inaccurate."  "The statutory term 'should have known' imparts a test of
3  reasonableness."  *Holmes v. NCO Fin. Services, Inc.*, 538 F. App'x 765, 766 (9th Cir.
4  2013) (citing *Shultz v. Dep't of Army*, 886 F.2d 1157, 1160 (9th Cir. 1989)).  "The critical
5  question . . . is thus whether a reasonable [furnisher] . . . would have known" that the
6  furnished information was incomplete or inaccurate.  *Id.*

7      Here, Plaintiff alleges that publicly available information about the bankruptcy
8  revealed that the filer was a different person than Plaintiff and, as such, Defendant's failure
9  to review this information raises a colorable claim that it should have known Plaintiff was
10 not the subject of the bankruptcy.  Defendant argues that these factual allegations do not,
11 as a matter of law, suffice to state a violation of the CCRAA.  (Mot. at 3–4.)

12     The Court disagrees.  Plaintiff's allegation that Defendant's failure to cross-check
13 identities in bankruptcy using all available information states, at minimum, a claim that
14 Defendant negligently violated the CCRAA.  *See Pastrano v. Ditech Fin., LLC*, No.
15 EDCV 18-00659-ABM (RWx), 2018 WL 3343606, at *5 (C.D. Cal. July 3, 2018) (finding
16 sufficient to state a claim the allegation that defendant should have known plaintiff was
17 not a joint obligor on a loan "because it had the relevant documents in its possession");
18 *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 723 (3d Cir. 2010) (finding violation
19 of FCRA where TransUnion did not exercise sufficient care to match information in its
20 records with information on federal list of "Specially Designated Nationals & Blocked
21 Persons List")[2]; *Williams v. First Advantage LNS Screening Sols, Inc.*, 238 F. Supp. 3d
22 1333, 1343–44 (N.D. Fla. 2017) (finding FCRA violation where defendant failed to
23 implement procedures using all available personal identifying information, including
24 middle names, "woefully insufficient" and warranting punitive damages) *aff'd in relevant*
25 *part*, 947 F.3d 735, 745–46 (11th Cir. 2020).  Accepting as true Plaintiff's allegation that

26
27      [2] "[B]ecause the CCRAA is substantially based on the Federal Fair Credit Reporting Act, judicial
interpretation of the federal provisions is persuasive authority and entitled to substantial weight when
interpreting the California provisions."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th
28 Cir. 2010) (quotations omitted).

- 5 -

Defendant failed to properly consider all information available to it, the Court finds it plausibly alleges that Defendant should have known the information was inaccurate under § 1785.25(a).  *See Iqbal*, 556 U.S. at 678.

Moreover, dismissal of the CCRAA claim requires this Court to definitively conclude that Defendant's actions, as stated, were reasonable.  *See Holmes*, 538 F. App'x at 766.  This inquiry is ill-suited for determination at the pleading stage.  Rather, such determinations require the Court to consider evidence regarding what information defendants had or should have had access to at the time of reporting, which, at the earliest, occurs at summary judgment.  *See, e.g.*, *Holmes*, 538 F. App'x at 766 (denying summary judgment where evidence supported an inference that defendant could have discovered its regular access to essential information was obstructed before reporting); *Griffin v. Navient Sols., Inc.*, No. 15-CV-1818 DMS (DHB), 2016 WL 5719831, at *5 (S.D. Cal. Sept. 30, 2016) (weighing evidence on summary judgment to determine whether defendant "had no knowledge, and no reasonable basis on which it 'should have known'" that reported information was inaccurate); *Jones v. Pennsylvania Higher Educ. Assistance Agency*, No. CV 16-00107-RSWL-AFMx, 2017 WL 4594078, at *9 (C.D. Cal. July 24, 2017) (same).[3]

Thus, the Court finds that Plaintiff's allegations about Defendant's conduct state a colorable CCRAA violation and survive 12(b)(6) scrutiny.  Accordingly, the Court finds Defendant's arguments in support of dismissing Count II of the FAC without merit.

## B.    UCL Claim

Under California law, unfair competition is defined as "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  "Because section 17200 is written in the disjunctive, it

---

[3] In some cases, courts have expressly held that questions of reasonableness should be reserved for trial.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) ("summary judgment is generally an inappropriate way to decide questions of reasonableness because the jury's unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment") (quotations omitted); *see also Cortez*, 617 F.3d at 710 ("the reasonableness of a credit reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question").

20cv1348

establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair or fraudulent.  A practice is prohibited as unfair or deceptive even if not unlawful or vice versa." *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003); *see also Lee v. Pep Boys-Manny Moe & Jack of Cal.*, 186 F. Supp. 3d 1014, 1034 (N.D. Cal. 2016) ("Under the unfairness prong of the UCL, a practice may be deemed unfair even if not specifically proscribed by some other law.").

Defendant moves to dismiss on the basis that Plaintiff has failed to adequately allege the predicate CCRAA claim necessary for an "unlawful practices" claim and has not stated a viable claim for unfair practices because Defendant's bankruptcy monitoring process ensures compliance with the automatic stay requirement and includes "the most reliable indicators of a person's identity[.]"  (Mem. of P. & A. at 6–7.)  The Court easily disposes of the first argument because, as stated above, Plaintiff has sufficiently stated a CCRAA claim against Defendant.  As to the second, the Court also finds that the FAC adequately pleads a claim for unfair practices under the UCL.

The UCL does not define "unfair," and California courts follow two different definitions of the term in consumer cases.  *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (quoting *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007)).  The first test finds "unfair conduct" where a practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886–87 (1999) (quotations omitted).  Under this analysis, courts engage in a balancing test in which they "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim[.]"  *Id.* at 886.  Finding this test "too amorphous," the California Supreme Court developed a second definition of "unfair practices" as "conduct that threatens an incipient violation of an antitrust law[] or violates the policy or spirit of one of those laws" and required "any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  *Cel-Tech*

- 7 -

1   *Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  While the

2   second test did not originally apply to consumer actions, "some courts have extended the

3   *Cel-Tech* definition to consumer actions, while others have applied the old balancing

4   test[.]"  *Davis*, 691 F.3d at 1170.

5       In the FAC, Plaintiff relies on the balancing test, claiming that Defendant's practice

6   of matching consumers to bankruptcies "based on insufficient criteria" inflicts harm on

7   consumers that "vastly outweighs any legitimate utility [the practice] possibly could

8   have."  (FAC ¶¶ 53–54.)  Specifically, Plaintiff alleges that Defendant's practices are

9   "unfair" under the UCL because its failure to consider all available evidence leads to false

10  attributions of bankruptcy, which in turn improperly denies consumers access to credit by

11  lowering their credit scores, wastes consumers' time by requiring them to resolve the

12  issue, and causes emotional distress.  (FAC ¶¶ 28, 39, 53; Opp'n at 9.)  Plaintiff further

13  alleges these harms outweigh any claimed utility.  (FAC ¶ 54.)

14      The Court finds that this allegation suffices to state that Defendant's practices are

15  unfair practices under the balancing test.  *See S. Bay Chevrolet*, 72 Cal. App. 4th 886–87;

16  *see also Hawkins v. Kroger Co.*, No. 15-CV-2320 JM (BLM), 2019 WL 1506845, at *5

17  (S.D. Cal. Apr. 4, 2019) (finding that "nothing more" than the allegation that defendant's

18  action causes harm and provides little utility was required to state a claim under the UCL's

19  unfair prong).  The actual weighing of the parties' respective interests is not appropriately

20  resolved at the pleading stage.  *See In re Solara Med. Supplies, LLC Customer Data Sec.*

21  *Breach Litig.*, No. 3:19-CV-2284-H-KSC, 2020 WL 2214152, at *12 (S.D. Cal. May 7,

22  2020) (holding that the defendant's arguments against Plaintiff's unfair practices UCL

23  claim "are better suited for a motion for summary judgment when the record is more fully

24  developed"); *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 990 (N.D. Cal.

25  2016) (holding, on a motion to dismiss, that "[w]hether Defendants' public policy

26  violation is outweighed by the utility of their conduct under the balancing test is a question

27  to be resolved at a later stage in this litigation"); *see also Puentes v. Wells Fargo Home*

28  *Mort.*, 160 Cal. App. 4th 638, 645 n.5 (2008) (noting that "[t]he issue of whether a practice

1    is deceptive or unfair is generally a question for the trier of fact," though it "may disposed

2    of by summary judgment on undisputed facts").

3           Because Plaintiff relies solely on the balancing test and the Court finds that Plaintiff

4    can maintain the UCL claim under this theory, the Court need not reach the *Cel-Tech* test.

5    *See, e.g., In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK,

6    2017 WL 3727318, at *24 (N.D. Cal. Aug. 30, 2017) (denying motion to dismiss UCL

7    claim for unfair practices because, "at a minimum," one test for unfairness was met).

8    Thus, the Court concludes that Plaintiff's UCL claim is adequately pled as to the unlawful

9    and unfair prongs and rejects Defendant's arguments in favor of dismissal as to Count I

10   of the FAC.

11   **IV.    CONCLUSION AND ORDER**

12          For the reasons stated above, Defendant's Partial Motion to Dismiss Counts I and

13   II of the FAC (ECF No. 16) is **DENIED**.   Further, Defendant's September 16, 2020

14   Motion to Dismiss the Complaint (ECF No. 12) is **DENIED AS MOOT**.   Defendant shall

15   file an Answer to the FAC by **May 3, 2021**.

16          **IT IS SO ORDERED.**

17

18   **DATED: April 19, 2021**

19                                                                    Hon. Cynthia Bashant
                                                                      United States District Judge

20

21

22

23

24

25

26

27

28

20cv1348