UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NORMAN BROOKS, III,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NA,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:20-CV-1348-RSH-BLM<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER CLASS CLAIMS**<br><br>[ECF Nos. 46, 48, 51, 57, 59, 67] |

　　　In the operative first amended complaint ("FAC"), Plaintiff William Norman Brooks, III, alleges that Defendant Bank of America, NA ("BofA") harmed his credit by wrongfully reporting to consumer credit reporting agencies that Brooks had filed for bankruptcy and that his BofA account had been "included in bankruptcy." ECF No. 15 at ¶¶ 21-39. Based on these allegations, the FAC asserts claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* ("CCRAA"), on behalf of a putative class, and one individual claim under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The FAC implies that there is subject matter jurisdiction based on a federal question under the FCRA, and supplemental jurisdiction over the state law class claims.

1    On April 25, 2022, the Court issued an order to show cause (the "Order") why the
2  Court should not decline supplemental jurisdiction over the state law class claims. ECF
3  No. 56. As set forth in the Order, a district court may decline to exercise supplemental
4  jurisdiction over a state law claim that "substantially predominates" over a claim for which
5  the court has original jurisdiction. 28 U.S.C. § 1367(c)(2). The Order noted that "Plaintiff's
6  federal and state claims arise from the 'common nucleus' of Defendant's alleged furnishing
7  of inaccurate information to credit reporting agencies based on its bankruptcy reporting
8  procedures," but that the class claims "have the potential to predominate over Plaintiff's
9  individual FCRA claim." *Id.* at 2-3.

10    In its response to the Order, BofA argues that while the FAC asserts the existence of
11  subject matter jurisdiction based on a federal question, the Court also has subject matter
12  jurisdiction over Brooks' individual claims based on diversity because Brooks and BofA
13  are diverse and more than $75,000 is in controversy on Plaintiff's individual claims alone.
14  ECF No. 62. BofA then contends that the Court *may* exercise supplemental jurisdiction
15  over the claims of absent class members in a case where the diverse named plaintiff's
16  claims exceed $75,000,[1] but BofA does not address whether the Court *should* do so here.
17  Rather, BofA concludes only that the Court should find that it has subject matter
18  jurisdiction on the basis of diversity over Plaintiff's individual claims.

19    In his response to the Order, Plaintiff "agrees that it is within the Court's discretion
20  and would be appropriate in this context for the Court to decline to exercise supplemental
21  jurisdiction over the state law claims . . . ." ECF No. 63. His response points out that "there
22  are vigorously contested certification issues which pertain solely to the state claims and do
23  not touch the federal claim at all," including "interpretation of California law, including

---

[1] *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("[W]e hold that if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims.").

whether there are relevant differences between the available remedies under state law versus the FCRA, and the implications of any such differences on class issues including adequacy and predominance." *Id.* at 2.

The Court agrees with the analysis in both parties' responses. First, for all the reasons set forth in BofA's response, Brooks and BofA are diverse, and the amount in controversy on Plaintiff's individual claims alone exceeds $75,000. Accordingly, the Court has original subject matter jurisdiction over all three of Plaintiff's individual claims under 28 U.S.C. § 1332 and need not evaluate whether it can or should retain or decline supplemental jurisdiction over Plaintiff's individual state law claims.

Second, the Court agrees with Brooks that the state law claims of absent class members substantially predominate over Brooks' individual claims. Accordingly, for the reasons Brooks articulated in his response to the Order, the Court declines to exercise supplemental jurisdiction over the state law claims of absent class members. The absent class members are, of course, free to refile their class claims in state court, subject to the tolling provisions of 28 U.S.C. § 1367(d).

Thus, based on the parties' responses to the Court's Order to Show Cause, and for the reasons above, it is **ORDERED**:

1. The Court declines to exercise supplemental jurisdiction over the claims of the unnamed putative class members, and all such claims are **DISMISSED WITHOUT PREJUDICE**;
2. The motion to certify a class [ECF No. 48] and related motions to file under seal [ECF Nos. 46, 51, 57, and 67], and motion to strike [ECF No. 59], are all **DENIED AS MOOT**;
3. This case shall proceed as an individual action on Plaintiff's claims under the UCL, CCRAA, and the FCRA; and,

////////////////

4.  Within three business days of this Order, the parties are instructed to contact the chambers of Magistrate Judge Barbara L. Major to request a case management order.

**SO ORDERED**.

Dated:  July 26, 2022

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge