UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NORMAN BROOKS, III,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NA,<br><br>Defendant. | Case No.: 3:20-cv-1348-RSH-BLM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 75] |

Plaintiff filed a Motion for Reconsideration of the Court's July 26, 2022, Order [ECF No. 72] declining to exercise supplemental jurisdiction over the state law claims of absent class members. Plaintiff contends that the Court erred because it did not also dismiss Plaintiff's individual state law claims. The Motion is fully briefed and suitable for submission without oral argument. For the following reasons, the Motion is denied.

**I.    Background**

In the operative First Amended Complaint ("FAC"), Plaintiff William Norman Brooks, III, alleges that Defendant Bank of America, NA ("BofA"), harmed his credit by wrongfully reporting to consumer credit reporting agencies that Brooks had filed for bankruptcy and that his BofA account had been "included in bankruptcy." ECF No. 15 ¶¶ 21-39. Based on these allegations, the FAC asserts claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), and the California

Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* ("CCRAA"), on behalf of a putative class, as well as one individual claim under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Although the FAC includes a federal claim, it does not explicitly allege a basis for original subject matter jurisdiction, alleging only that supplemental jurisdiction exists under 28 U.S.C. § 1367. Neither side has argued that subject matter jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

On April 25, 2022, the Court issued an Order to Show Cause ("OSC") why the Court should not decline supplemental jurisdiction over the state law class claims. ECF No. 56. The OSC acknowledged that "Plaintiff's federal and state claims arise from the 'common nucleus' of Defendant's alleged furnishing of inaccurate information to credit reporting agencies based on its bankruptcy reporting procedures," but that the class claims "have the potential to predominate over Plaintiff's individual FCRA claim." *Id.* at 2-3.

In its Response to the OSC, BofA argued that while there is original subject matter jurisdiction based on a federal question, the Court also has subject matter jurisdiction over Brooks' individual claims on the basis of diversity under 28 U.S.C. § 1332(a) because Brooks and BofA are diverse and more than $75,000 is in controversy on Plaintiff's individual claims alone. ECF No. 62. BofA then contended that the Court may exercise supplemental jurisdiction over the claims of absent class members in a case where the diverse named plaintiff's claims exceed $75,000, but BofA did not address whether the Court should do so here. *Id.* Rather, BofA concluded only that the Court should find that it has subject matter jurisdiction based on diversity over Plaintiff's individual claims. *Id.*

In his Response to the OSC, Plaintiff agreed "that it is within the Court's discretion and would be appropriate in this context for the Court to decline to exercise supplemental jurisdiction over the state law claims . . . ." ECF No. 63. His Response pointed out that "there are vigorously contested certification issues which pertain solely to the state claims and do not touch the federal claim at all," such as "interpretation of California law, including whether there are relevant differences between the available remedies under state


law versus the FCRA, and the implications of any such differences on class issues including adequacy and predominance." *Id.* at 1.

Based on the Parties' responses, the Court held that: (1) there is diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's individual claims; and (2) the state law claims of absent class members substantially predominate over Brooks' individual claims. ECF No. 72. The Court therefore declined to exercise supplemental jurisdiction over the state law claims of absent class members. *Id.* Accordingly, the Court dismissed the absent class members' claims without prejudice and ordered that this action should proceed as an individual action on Plaintiff's claims under the UCL, CCRAA, and FCRA. *Id.*

Plaintiff now moves for reconsideration of the Court's Order. Notably, Plaintiff does not argue that the Court erred by declining to exercise supplemental jurisdiction over the absent class members' claims. Rather, he argues that the Court should *also* dismiss his individual state law claims so that he may re-file them as class claims in state court.

**II.     Analysis**

Plaintiff contends that the Court erred because his state law claims cannot be severed from those of the absent class members. However, he offers no support for this proposition. Instead, Plaintiff uses most of his Motion to argue that the cases cited in the OSC do not support the Court's Order declining to exercise jurisdiction over the absent class members' claims [ECF No. 72].[1] This argument is a red herring because the Court did not cite to or rely on those cases in the actual dismissal order Plaintiff asks the Court to reconsider.

---

[1] The cases are: *Wong v. HSBC Mortg. Corp. (USA)*, No. 07-cv-2446, 2009 WL 151014 (N.D. Cal. 2009); *Hoffman v. Constr. Protective Servs., Inc.*, No. 03-cv-01006, 2004 WL 5642136 (C.D. Cal. Jul. 13, 2004); and *Martin v. Dahlberg, Inc.*, 156 F.R.D. 207 (N.D. Cal. 1994). These cases are distinguishable because, unlike the situation here, subject matter jurisdiction over the state law claims of both the class representatives and the absent class members was supplemental. *See Martin*, 156 F.R.D. at 218 (noting that federal RICO claims were "the only basis for federal jurisdiction in this action"); *Hoffman*, 2004 WL 5642136, at *1 (noting that subject matter jurisdiction existed under 28 U.S.C. § 1331 based on the assertion of federal Fair Labor Standards Act ("FLSA") claims); *Wong*, 2009 WL 151014 (noting subject matter jurisdiction over state law claims was supplemental to federal FLSA claim). Thus, it was within the courts' discretion in those cases to decline to exercise supplemental jurisdiction over the state law claims of both the class representatives and absent class members.

Rather, the Court premised its decision on the Parties' responses to the OSC: (1) Defendant's argument that there is diversity jurisdiction over Plaintiff's individual claims; and (2) Plaintiff's acknowledgment that it would be appropriate for the Court to exercise its discretion to decline to exercise supplemental jurisdiction over the state law claims.

Plaintiff's Motion for Reconsideration ignores the basis of the Court's subject matter jurisdiction over the claims in the FAC. In the dismissal order, the Court found that it has original subject matter jurisdiction over Plaintiff's individual claims on the basis of diversity because Plaintiff and BofA are diverse and the amount in controversy between Plaintiff and BofA on Plaintiff's individual claims alone exceeds $75,000. Plaintiff does not dispute this finding in his Motion.[2]

The existence of diversity jurisdiction over Plaintiff's individual claims puts this case in a different position from most other cases where courts have declined to exercise supplemental jurisdiction over state law class claims. Because diversity jurisdiction exists, the Court does not have discretion to decline subject matter jurisdiction over Plaintiff's individual state law claims. *See, e.g.*, *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) ("Although a district court does have discretion whether to exercise jurisdiction over state claims pendent to claims raising a question arising under federal law, a district court does not have discretion to refuse jurisdiction over state claims in a diversity case.") (internal citation omitted). At the same time, neither party has contended that the absent class members' claims each individually satisfy the requirements for diversity jurisdiction

---

[2] Plaintiff does not address the existence of diversity jurisdiction in his Motion. In his Reply, Plaintiff evades the question of whether more than $75,000 is in controversy with respect to his individual claims by arguing (without authority) that only the basis for jurisdiction asserted in the FAC is relevant and jurisdiction based on diversity can only exist under CAFA because the case is a class action. However, the FAC does not actually allege a basis for original jurisdiction, so it unclear whether Plaintiff was asserting original jurisdiction based on diversity or federal question (or both). Moreover, Plaintiff still has not refuted that he seeks over $75,000 for his individual claims. Finally, traditional diversity jurisdiction under 28 U.S.C. § 1332(a) can exist independently of CAFA in class action cases. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (noting that diversity jurisdiction under Section 1332(a) and CAFA are "two independent bases for federal subject matter jurisdiction").

under 28 U.S.C. § 1332(a) or collectively satisfy the jurisdictional requirements of CAFA. Thus, the only possible avenue for subject matter jurisdiction over the absent class members' claims is through supplemental jurisdiction under 28 U.S.C. § 1367. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 938 (9th Cir. 2001) (concluding that 28 U.S.C. § 1367 "confers supplemental jurisdiction over the claims of class members in a diversity class action when named plaintiffs have claims with an amount in controversy in excess of $75,000"); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("[I]f a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in those claims . . . .").

To summarize, the Court's jurisdiction over the absent class members' claims is supplemental under 28 U.S.C. § 1367(a). Subpart (c) of § 1367 gives the Court discretion to decline to exercise such jurisdiction and the Court has exercised that discretion here. On the other hand, the Court's jurisdiction over Plaintiffs' individual state law claims is based on diversity under 28 U.S.C. § 1332(a). The Court does not have discretion to decline to exercise diversity jurisdiction. Therefore, it would be error for the Court to dismiss Plaintiff's individual state law claims simply because it has declined to exercise supplemental jurisdiction over the absent class members' state law claims.

### III.   Conclusion

For the above reasons, Plaintiff's Motion for Reconsideration [ECF No. 75] is **DENIED**.

To be clear, this decision is not, as Plaintiff contends, dispositive of class certification. The Court finds only that the claims over which it has supplemental jurisdiction (i.e., the claims of "hundreds or thousands" of absent class members [ECF No. 15 ¶ 42]) would substantially predominate the claims over which the Court has original diversity jurisdiction (i.e., Plaintiff's individual claims). For that reason, the Court is

exercising its discretion under 28 U.S.C. § 1367(c)(2) to decline supplemental jurisdiction.[3] The Court is not deciding whether Plaintiff can bring the state law claims on behalf of a class. Rather, the Court is declining to exercise the jurisdiction that would permit the Court to make such a decision in the first instance.

The Court simply lacks the discretion to provide Plaintiff with the disposition he seeks in his Motion, which is for the Court to decline to exercise subject matter jurisdiction over Plaintiff's individual state law claims. If Plaintiff no longer wishes to proceed with his individual state law claims in federal court, he may file a motion to dismiss them under Federal Rule of Civil Procedure 41(a)(2).

**SO ORDERED**.

Dated: October 25, 2022.

Hon. Robert S. Huie
United States District Judge

---

[3] Indeed, it could be argued that this holding pre-supposes the existence of class certification because if class certification is denied, there would no longer be class claims in this case and therefore no need to decline supplemental jurisdiction over those claims. Conversely, it would make little sense for a district court to be required to certify a class before considering whether to exercise its discretion to decline supplemental jurisdiction over the claims of absent class members. In any event, the jurisdictional question of whether the absent class members' state law claims predominate over Plaintiff's individual claims is distinct from the requirements under Federal Rule of Civil Procedure 23 for certification of a class with Plaintiff as class representative.