UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NORMAN BROOKS, III on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NA,<br><br>Defendant. | Case No.: 20cv1348-RSH (BLM)<br><br>**ORDER LIFTING STAY AND REINSTATING PRETRIAL DEADLINES** |

On October 19, 2022, the parties filed a Joint Motion to Stay Merits Discovery. ECF No. 80. The parties sought to stay merits discovery in this matter pending a resolution of Plaintiff's then-pending Motion for Reconsideration And/Or Relief From Order Declining Supplemental Jurisdiction Over Absent Class Members [see ECF No. 75]. ECF No. 80. That same day, the Court granted the parties' motion and vacated the remaining case deadlines [see ECF No. 77]. ECF No. 81.

On October 25, 2022, District Judge Huie issued an Order Denying Motion for Reconsideration. ECF No. 82. In light of Judge Huie's order, and because the stay was only in place for one week, the Court **REINSTATES** the remaining case deadlines. See ECF No. 77. Accordingly, **IT IS HEREBY ORDERED**:

1

1. All fact discovery must be completed by all parties by **November 10, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

2. The parties shall designate their respective experts in writing by **December 9, 2022**. The parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 13, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **December 9, 2022**, each party shall comply with the disclosure provisions in Federal Rule of Civil Procedure 26(a)(2)(A) and (B). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at**

**any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c)**.

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **January 13, 2023**.

5. All expert discovery shall be completed by all parties by **February 10, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **March 10, 2023**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Civil Local Rules, or as otherwise set by the district judge.

8. A Mandatory Settlement Conference shall be conducted on **November 15, 2022** at **9:30 a.m.** via videoconference with **Magistrate Judge Barbara L. Major**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **via videoconference** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference.  Failure to appear at the Mandatory Settlement Conference will be grounds for sanctions.

b. The Court will use its official Zoom video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM**:  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the MSC.[2]  There is a cost-free option for creating a Zoom account.

c. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference.  Again, if possible, <u>participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance</u>.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device will be prompted to download and install Zoom before proceeding when they click on the ZoomGov Meeting hyperlink**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

d. Each participant should plan to <u>join the Zoom video conference at least five minutes before the start of the MSC</u> to ensure that the MSC begins promptly at **9:30 a.m.**  **The**

---

[1] Participants should use a device with a camera to fully participate in the video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices may offer inferior performance.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

4

20CV1348-RSH(BLM)

**Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the Court-scheduled time**.

  e. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

  f. No later than **November 4, 2022**, counsel for each party must send an e-mail to the Court at **efile_Major@casd.uscourts.gov** containing the following:

    i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii. A **telephone number where each participant may be reached** so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

  g. All participants must display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person.

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

Because Zoom may quickly deplete the battery of a participant's device, <u>each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference</u>.

h. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[4] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority</u>.

i. **Confidential Settlement Statements Required**: No later than by **November 4, 2022**, the parties shall submit directly to Magistrate Judge Major's chambers (**efile_major@casd.uscourts.gov**) confidential settlement statements no more than ten (10) pages in length. **These confidential statements shall not be filed or served on opposing counsel**. Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement positions, including any previous settlement negotiations, mediation

---

[4] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. See <u>Nick v. Morgan's Food, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

j. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **joint motion**, or—if the motion is opposed—a **written *ex parte* application** filed by the party seeking the continuance in compliance with Chambers rules. The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(g), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than (7) days prior to the scheduled conference**.

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference**.

9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **June 15, 2023**.

10. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **June 22, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by June 29, 2023. At this meeting, counsel shall discuss and attempt to enter into stipulations and

agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the **proposed pretrial conference order.**

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **June 29, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 6, 2023**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the Honorable Robert S. Huie on **July 13, 2023** at **1:30 p.m.**

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

**IT IS SO ORDERED**.

Dated: 10/26/2022

Hon. Barbara L. Major
United States Magistrate Judge